IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:18-cr-00020

CRAIG WILLIAMS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Compassionate Release* (Document 44), wherein the Defendant requests compassionate relief from FCI Elkton due to preexisting health conditions which make him vulnerable to the risk of serious illness or death if he were to contract COVID-19.  For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL BACKGROUND**

On April 18, 2018, the Defendant pled guilty to an information charging him with a violation of 18 U.S.C. § 2256(8)(A), for knowingly possessing material containing images and videos of child pornography.  On August 2, 2018, the Defendant was sentenced to a 37-month period of incarceration, followed by ten years of supervised release.  As such, the Defendant has served approximately 22 months of the imposed term of 37 months.

On April 13, 2020, inmates at FCI Elkton brought an emergency habeas action in the United States District Court for the Northern District of Ohio, requesting relief due to the spread

of COVID-19 within FCI Elkton. *Wilson et al. v. Williams et al.*, No. 4:20-cv-794, (N. D. Oh., Apr. 13, 2020). On April 22, 2020, the District Court for the Northern District of Ohio granted a preliminary injunction to the Petitioners, ordering Respondents to identify subclass members, evaluate each subclass member's eligibility for transfer by May 6th, prioritizing the most medically vulnerable inmates and transfer vulnerable inmates ineligible for home placement, furlough or compassionate release to another Bureau of Prisons (BOP) facility. In that order, the District Court found that FCI Elkton's "'dorm-style' design guarantees that inmates remain in close proximity to one another," and predicted that "[w]ith the shockingly limited available testing and the inability to distance inmates, COVID-19 is going to continue to spread, not only among the inmate population, but also among the staff." (*Wilson et al. v. Williams et al.*, No. 4:20-cv-794, Document 22 at 3.) Despite the Ohio Court's Order requiring Respondents to evaluate and transfer medically vulnerable inmates by May 6, 2020, as of May 8, 2020, Respondents had failed to comply with the preliminary injunction.

On April 27, Respondents filed an interlocutory appeal. On April 29, 2020, Respondents moved for the Sixth Circuit to stay the District Court's order. On April 30, 2020, the Sixth Circuit denied Respondents' request for an administrative stay. On May 4, 2020, the Sixth Circuit also denied Respondents' request for a stay pending appeal. On May 8, 2020, the District Court denied the Respondent's request for a stay pending the outcome of the appeal of the preliminary injunction.

## DISCUSSION

In the current motion, the Defendant alleges that he is especially vulnerable to serious illness or death if he were to contract COVID-19 due to his hypertension diagnosis, prediabetic

2

condition, and history of obesity. On April 3, 2020, the Defendant requested that the BOP file a motion for compassionate relief on his behalf. The request was denied, and thirty days have passed. Therefore, the instant motion is ripe for review. The Defendant further alleges that he is eligible for release to a halfway house in September 2020, and his release from prison is scheduled for March 2021. As such, the Defendant requests immediate release to home confinement.

An Order entered May 14, 2020, by Judge Gwin in the Northern District of Ohio requires daily reports indicating the number of COVID-19 tests performed at FCI Elkton and the results of those tests. The most recent status report, filed June 17, 2020, demonstrates that there are 44 positive Abbott tests and 486 positive tests from the mass testing pool. (*Wilson et al. v. Williams et al.*, No. 4:20-cv-794, Document 126.) Therefore, there are currently 530 confirmed cases of coronavirus at FCI Elkton.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Although the current situation at FCI Elkton is compelling, the applicable § 3553(a) factors do not warrant relief in this case. The Court has given consideration to the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to provide just punishment, afford adequate deterrence and protect the public together with the applicable sentencing range. The Court has also given consideration to the pandemic and, specifically, to the existing conditions at FCI Elkton. The Defendant was sentenced to 37 months of incarceration on August 2, 2018, and has served approximately 22 months of the imposed sentence. He alleges that he is eligible for release to a halfway house in September 2020, and his release from prison is scheduled for March 2021. Having considered the original presentence investigation report and the pending motion together with the 3553(a) factors, the Court finds compassionate release to be inappropriate.

Further, to relieve the Defendant of his imposed sentence based on the facts alleged in the motion would constitute an unwarranted sentencing disparity among similarly situated defendants facing similar conditions of confinement in light of the pandemic. Specifically, given the limited options available to the Court for providing relief under *18 U.S.C.* § 3582(c)(1)(A)(*i),* the Court finds that the § 3553(a) factors do not weigh in favor of the Defendant's release.[1]

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Motion for Compassionate Release* (Document 44) be **DENIED**. The Court **DIRECTS** the Clerk to send a

---

1 Given the § 3553(a) factors, the Court finds that compassionate release cannot be granted at this time but expresses no opinion as to any relief that may remain available via the BOP or through ongoing proceedings in the Northern District of Ohio.

4

copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 18, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA